UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TOMIKA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-04109-SLD-JEH |
| | ) | |
| DANA MUNSON, SARAH LANNEN, | ) | |
| JOHN AFOUN, and AL CUELLER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Tomika Roberts, representing herself, brings suit against Defendants Dana Munson, Sarah Lannen, John Afoun, and Al Cueller, all employees of the Moline Housing Authority, under 42 U.S.C. § 1983, alleging that they violated her civil rights by taking actions to deprive her of her Section 8 housing voucher assistance, including purposely falsifying information related to her income, providing false documentation, and forging her signature on documents. *See* Compl. 1–6, ECF No. 1. The matter comes before the Court on Plaintiff's motion to request counsel, ECF No. 3, and motion to proceed *in forma pauperis* ("IFP"), ECF No. 6.

### I.  Motion to Proceed IFP

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding. *See* IFP Mot. 1–5. Her motion to proceed IFP, therefore, is GRANTED.

### II.  Motion to Request Counsel

#### a. Legal Standard

Under the federal IFP statute, "[t]he court may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, "parties to civil litigation have no right to counsel."  *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004).  When faced with a request to appoint counsel, the court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).  Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial."  *Id*. at 655.  In considering whether the difficulty of the case exceeds the plaintiff's capacity to litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as the plaintiff's "intellectual capacity and psychological history."  *See id*.

    **b.  Analysis**

Plaintiff requests that the Court obtain volunteer counsel for her.  *See* Mot. Request Counsel 1.  However, she has not submitted any evidence from which the Court could determine that she made a reasonable attempt to obtain counsel or has been precluded from doing so.  Moreover, from the limited information the Court has, Plaintiff appears competent to litigate this case herself.  "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt*, 503 F.3d at 655.  Plaintiff indicates that she is a college graduate, Mot. Request Counsel 2, and her level of education, as well as the filings she has submitted thus far, suggests she has the capacity to coherently present her case.  *See Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (finding the district court's denial of counsel reasonable where the plaintiff, "who had attended some college[,] lucidly set forth his allegations in his complaint").

Without further explanation of the factors that Plaintiff believes affect her ability to present her case, the Court will not attempt to recruit counsel for Plaintiff, especially at this early stage of the case, *cf. id*. at 785 (suggesting that advanced-stage litigation tasks are more difficult than initial-stage activities).  Plaintiff's motion to request counsel is therefore denied without prejudice.  If Plaintiff chooses to file another motion to request counsel, she must provide a list of the attorneys she has contacted seeking representation who were unable or unwilling to take her case—or some evidence that she has been effectively precluded from attempting to obtain counsel—and explain why she is not competent to litigate this case herself.

## CONCLUSION

Accordingly, Plaintiff Tomika Roberts's motion for leave to proceed *in forma pauperis*, ECF No. 6, is GRANTED, and her motion to request counsel, ECF No. 3, is DENIED without prejudice.  IT IS FURTHER ORDERED that:

1) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions so that Defendants have notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel have filed appearances will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed.

2) The Court will attempt service on Defendants by mailing requests to waive service.  If Defendants agree to waive service, they will have sixty days from the date the request was sent to file answers.  If Defendants have not filed answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service.

3) Once counsel have appeared for Defendants, Plaintiff need not send copies of her filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's filings electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

4) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

Plaintiff is DIRECTED to provide addresses at which each Defendant can be mailed a request to waive service of summons by November 27, 2023. Once she does, the Court will direct the Clerk to mail the requests to Defendants.

Entered this 26th day of October, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE