UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TOMIKA ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-04109-SLD-JEH |
| ) | |
| MOLINE HOUSING AUTHORITY, DANA ) | |
| MUNSON, SARAH LANNEN, JOHN ) | |
| AFOUN, and AL CUELLER, ) | |
| ) | |
| Defendants. ) | |

### ORDER

The matter comes before the Court on Plaintiff Tomika Roberts's amended complaint, ECF No. 10. For the reasons that follow, the amended complaint is DISMISSED for lack of jurisdiction.

### BACKGROUND

On June 29, 2023, Plaintiff filed a complaint against Defendants Dana Munson, Sarah Lannen, John Afoun, and Al Cueller, all employees of the Moline Housing Authority ("MHA"). Compl. 1–3, ECF No. 1. The Court found that Plaintiff had alleged violations of her civil rights and was filing suit under 42 U.S.C. § 1983. Order 1, ECF No. 8. The Court also granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), *id.*, and ordered her to provide addresses at which the named Defendants could be mailed a request to waive service of summons, *id.* at 4.

Plaintiff then filed a motion seeking to add MHA as a Defendant and to remove § 1983 from her complaint as she was "not suing for civil rights." Mot. 1, ECF No. 9. Instead, she indicated that she was suing for "fraud committed by [MHA] in the attempt to collect a debt against [her]." *Id.* The Court granted this motion and directed Plaintiff to file an amended complaint. Nov. 8, 2023 Text Order.

1

Plaintiff filed the amended complaint shortly thereafter. In it, she names as Defendants MHA, Munson, Lannen, Afoun, and Cueller. Am. Compl. 1–4, ECF No. 10.[1] She states that she is "bring[ing] forward the claim of fraud" and alleges that the employees of MHA "conspired against [her] to collect a debt that [she] didn't owe, purposely mishandled [her] files," and "falsely accuse[d] [her] of inapp[ropriate] behavior" causing her "stress, humil[i]ation, and disruption to [her] peace." *Id.* at 7.

## DISCUSSION

### I.    Legal Standard

The court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal court's jurisdiction is limited to cases "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally, district courts have the authority to hear two types of cases: (1) those in which a plaintiff alleges a violation of his rights under the Constitution or federal law (federal question jurisdiction); and (2) those in which a citizen of one state alleges a violation of his rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000 (diversity jurisdiction). *See* 28 U.S.C. §§ 1331–1332.

### II.    Analysis

Plaintiff explicitly states that she is bringing suit for fraud, Mot. 1; Am. Compl. 7, and has disclaimed any reliance on § 1983, Mot. 1. Fraud is a state law claim.[2] *See, e.g., Connick v.*

---

[1] The Court uses the page numbers generated by CM/ECF because the amended complaint is not consistently paginated.
[2] The Court is aware of no federal fraud statute that would apply in this situation. Plaintiff does allege that Defendants committed fraud in connection with collecting a debt, Am. Compl. 7, so perhaps she meant to assert a

*Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996) (stating the elements for common law fraud); *Trs. of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 775 (7th Cir. 2002) (noting that "common law fraud[ is] a traditional area of state regulation").  The Court can typically only hear state law claims if it has diversity jurisdiction over the case.  District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C. § 1332(a)(1).  For a court to exercise diversity jurisdiction, there must be complete diversity between the parties.  *Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018).  This means "that no plaintiff may be a citizen of the same state as any defendant."  *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation marks omitted).  Plaintiff alleges that she is an Illinois citizen.  Am. Compl. 1.  But MHA is a municipal corporation created under Illinois law, *see* 310 ILCS 10/2, and is therefore a citizen of Illinois as well, *City of Clinton v. Moffitt*, 812 F.2d 341, 342 (7th Cir. 1987) (holding that municipal corporations chartered by states are "treated just like . . . regular business corporation[s]"); 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of every state by which it has been incorporated).  Complete diversity does not exist, and the Court cannot exercise diversity jurisdiction over Plaintiff's fraud claim.

---

claim under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p.  But that statute only regulates the actions of debt collectors, which is defined to mean persons "who regularly collect[] or attempt[] to collect . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Plaintiff does not allege facts to support that any Defendant is a debt collector and, moreover, Plaintiff is claiming that Defendants committed fraud in their attempt to collect a debt they insist she owes to MHA, not to some other creditor.  Indeed, Plaintiff attached a letter to her original complaint from Defendant Munson which states that MHA overpaid Roberts's housing assistance and notes that Roberts "may pay the amount back within 30 days."  June 22, 2023 Letter, ECF No. 1-1 at 14 (emphasis omitted).

## CONCLUSION

Accordingly, Plaintiff Tomika Roberts's amended complaint, ECF No. 10, is DISMISSED for lack of subject matter jurisdiction. The Clerk is directed to enter judgment and close the case. This ruling does not preclude Plaintiff from filing a fraud claim in state court or filing a new lawsuit in federal court asserting a federal claim.

Entered this 18th day of April, 2024.

                                                           s/ Sara Darrow
                                                        SARA DARROW
                                         CHIEF UNITED STATES DISTRICT JUDGE